SILAS H. BOWLER *vs.* WESTON BROWN.

Waldo. Opinion March 26, 1892.

*Tax. Tax Sale. Ditto Marks. Sworn. R. S., c. 1, § 6, cl. 20; c. 3, § 24; c. 6, § 193.*

A tax sale of real estate is invalid when the copy of the notice, filed by the collector with the town clerk, does not have upon it the required certificate,

that the collector had posted the notice of the sale as required by R. S., c. 6, § 193.

Also, when it appears that the assessors were not sworn.

On report.

Real action, in which the case appears in the opinion.

*W. H. Fogler*, for plaintiff.

*H. Bliss, Jr.*, for defendant.

Emery, J. This is a real action for the recovery of a parcel of land, in Palermo, and is reported to the law court for determination upon so much of the evidence as is competent and legally admissible. The plaintiff's claim of title is under tax deeds and tax sales for non-payment of taxes assessed in Palermo against the resident occupant of the land in 1882 and 1883.

The proceedings, which are intended to work a forfeiture of lands for non-payment of taxes, are to be construed strictly in a controversy between the purchaser at a tax sale, and the original owner. The title acquired under such a sale is founded solely on the statute provisions and these must be strictly complied with. *Greene* v. *Lunt*, 58 Maine, 518; *Tolman* v. *Hobbs*, 68 Maine, 316.

In this case the proceedings for two years, 1882, and 1883, are put in evidence, and in each set we find what seem to us fatal omissions or lack of evidence.

I. (1882.) The statute, R. S., chapter 6, § 193, requires the collector of taxes, as one step in the procedure, to "lodge with the town clerk, a copy [of his notice of intended sale], with his certificate thereon," that he has given notice of the intended sale as required by law. The plaintiff put in evidence the copy of notice thus lodged with the town clerk in 1882, upon which copy the only certificate is as follows, "I hereby certify the following to be a true copy of the notice of the aforesaid as required by law." There is a total lack of any "certificate that he has given notice of the intended sale as required by law," or that he has given any notice. The paper he lodged with the town clerk is merely certified to be a copy of another paper, which latter may, or may not have been posted as required by

law.  The statute further provides that the " copy and certificate shall be recorded by the clerk, and the record so made, shall be open to the inspection of all persons interested." The land owner by inspecting this record would not learn that any notice had been posted or otherwise given. The statute plainly requires the certificate above described, and the omission to make it is the omission of a necessary step in the procedure.

II. (1883.) It must appear in evidence that the assessors of taxes were duly sworn. *Williamsburg* v. *Lord*, 51 Maine, 599. The only evidence of such necessary fact in this case is an extract from the record of the doings of the inhabitants of Palermo in their March meeting, in 1883. By R. S., ch. 3, § 24, the town clerk is required to record such fact, by recording the name of the officer, and of his office, by whom sworn, and the time of taking the oath. By R. S., ch. 1, § 6, cl. 20, the word " sworn " used in the record shall refer to the oath required in the particular case, and imply all the terms of that oath. It seems essential, therefore, either that the words of the oath be recorded, or that it should be expressly alleged in the record that the officer was " sworn." The administration of the qualifying oath is matter of substance, and should appear in the record as a substantive transaction, and not as a mere note to some other transaction.

The extract is as follows :        "Palermo, March 12, 1883.

" Then met the legal voters of the town of Palermo, and voted as follows, to wit :

"Art. 1.  Chose Eli Carr, Moderator. Sworn by John Greely.

*    *    *    *    *    *    *    *    *    *

" Art. 4.  Chose Hollis F. Foy, 1st assessor. "    "    "
              "  George W. Carr, 2d,    "    "    "    "
              "  Woodbury Tibbetts, 3d, "    "    "    "

*    *    *    *    *    *    *    *    *    *

"Art. 7.  Chose S. B. Jones, Collector of taxes.  Sworn by John Greely."

One of the acts of the legal voters at that meeting was the election of assessors.  The clerk undertook to make a record of that act.  The ditto marks used by him in making that record

may, perhaps, be safely held to be equivalent to the words under which they are placed in the record of that particular act.

The record of the assessors being sworn, (if record evidence alone is offered, as here,) should be as clear and full as the record of their election. But the clerk used no words indicative of their being sworn. At the most, he only added to the record of their election sundry other ditto marks. These clearly do not refer to any words in the record concerning the assessors. The plaintiff, however, contends that these other ditto marks refer to words in the record of the election and qualification of the moderator, viz, "sworn by John Greely," and should be held equivalent to such words. We do not think so. The qualification of the moderator was an act by itself. Other acts evidently intervened between that and the election of the assessors, the records of which are omitted from the extract. The extract itself plainly so indicates. The ditto marks in question may, and most likely do, refer to some words in the omitted record of the act next preceding, words which so far as we know may be entirely different from those in the record concerning the moderator. We do not think the record of an essential transaction can be made up wholly with ditto marks, unless, indeed, the words to which they refer are unmistakable.

For lack of sufficient evidence that the assessors were in fact duly sworn, we must hold that the tax sale of 1883 passed no title.

It is sometimes said that it is difficult to so assess a tax, and make a tax sale, as to pass a title to the purchaser. It should not be so. Every necessary step is named in the statute, and it is only necessary to have competent evidence that such steps were taken.

The plaintiff does not claim that his case is supported by R. S., ch. 6, § 205.

*Judgment for defendant.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.